ORIGINAL

1

**McGuireWoods LLP**
Matthew C. Kane, Esq. (SBN 171829)
  E-Mail: mkane@mcguirewoods.com
Michael D. Mandel, Esq. (SBN 216934)
  E-Mail: mmandel@mcguirewoods.com
Sylvia Kim (SBN 258363)
  E-Mail: skim@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

2

3

4

5

6

7

Attorneys for Defendant
BANK OF AMERICA, N.A.

8

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11

JOHN ROBERT LABRIOLA, on
behalf of himself and those similarly
situated,

12

13

          Plaintiff,

14

     vs.

15

BANK OF AMERICA, NATIONAL
ASSOCIATION, and Does 1-50,
inclusive,

16

17

          Defendants.

CASE NO.   CV 12   0079

[San Francisco Superior Court Case No.
CGC-11-516307]

**DEFENDANT BANK OF AMERICA,
N.A.'S NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT**

[28 U.S.C. §§ 1332(d), 1441(a), 1446(b)]

18

19

20

21

22

23

24

25

26

27

28

36130806.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446(a), Defendant BANK OF AMERICA, N.A. ("BANA" or "Defendant"), by and through its undersigned counsel, hereby removes the above-entitled action currently pending in the Superior Court of the State of California in and for the County of San Francisco (the "State Court") to the United States District Court for the Northern District of California on the grounds that this Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. §§ 1331, 1332(d), 1441(a), 1441(b), 1446(b) and 1453(b), and all other applicable bases for removal.  In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1.    Plaintiff John Robert Labriola ("Plaintiff") filed a Complaint against Defendant (the "Complaint") in the State Court on December 2, 2011, in a case styled as *John Robert Labriola, on behalf of himself and those similarly situated v. Bank of America, National Association, and Does 1-50, inclusive*, Case No.CGC-11-516307 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

2.    Additionally, a true and correct copy of each of the following documents from the State Court Action, including those that were served on Defendant, is attached hereto as the Exhibits identified below:

| | |
|---|---|
| Exhibit B: | Summons on Complaint |
| Exhibit C: | Civil Case Cover Sheet |
| Exhibit D: | Notice of Case Management Conference |
| Exhibit E: | Plaintiff's Application for Approval of Complex Designation |
| Exhibit F: | Proof of Service of Summons |

2

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

3.     Defendant is informed and believes that it is the only defendant which has been properly served with process in the State Court Action. Defendant Does 1-50 have yet to be identified, and thus are to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(a). As such, Defendant BANA is the only Defendant needed to join and consent to this removal.

## TIMELINESS OF REMOVAL

4.     This action has not previously been removed to federal court.

5.     On December 6, 2011, Defendant, through its registered agent for service of process, was personally served with a Summons and the Complaint from the State Court Action.

6.     This Notice of Removal has been filed within 30 days of service of Plaintiff's Complaint on Defendant, and, as no other defendants have been served, the requirement under 28 U.S.C. § 1446(b) of removal within 30 days of service of the first defendant has been satisfied. Therefore, this Notice of Removal has been timely filed. *See Perez v. General Packer, Inc.*, 790 F.Supp.1464 (C.D. Cal. 1992).

## REMOVAL JURISDICTION: CAFA

7.     Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), this Court has jurisdiction over class actions where any member of the class is a citizen of a State different from any defendant, and where the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

8.     As required by 28 U.S.C. § 1441, Defendant seeks to remove this case to the United States District Court for the Northern District of California which is the District Court embracing the place where the State Court Action has been filed.

9.     In accordance with 28 U.S.C. § 1446(d), Defendant will provide contemporaneous written notice of this Notice of Removal to all adverse parties and

1 | to the Clerk of the State Court.

2 |     10.   This Court has original jurisdiction over this action pursuant to 28

3 | U.S.C. § 1332(d)(2), and is one which may be removed to this Court by Defendant,

4 | because (1) the number of members of all proposed plaintiff classes in the aggregate

5 | is at least 100 class members; (2) there is diversity of citizenship between Plaintiff

6 | and Defendant; and (3) the amount-in-controversy exceeds $5,000,000, exclusive of

7 | interest and costs.

8 | ### Aggregate Membership

9 |     11.   According to the Complaint, "[t]he members of the [putative] Class are

10 | numerous, totaling more than hundreds of individuals." *See* Exh. A, Complaint, ¶

11 | 16(1). In fact, Plaintiff alleges that there are "more than 1000 licensed financial

12 | advisors during the Class Period." *Id.*, ¶ 11. Plaintiff asserts that his claims are

13 | typical of those of the putative class members he seeks to represent. *Id.*, ¶ 16(4).

14 | Therefore, the aggregate membership of the proposed plaintiff class is at least 100 as

15 | required under CAFA.

16 | ### Citizenship

17 |     12.   **Plaintiff's Citizenship.** Defendant is informed and believes and

18 | thereupon alleges that, at the time that the State Court Action was filed and at the

19 | time that this Notice of Removal is filed, Plaintiff is a citizen of the State of

20 | California and has the intent to remain in California.

21 |     13.   **Defendant's Citizenship.** The Summons and Complaint names

22 | Defendant BANA as the sole identified defendant. At the time that the State Court

23 | Action was filed and at the time this Notice of Removal is filed, Defendant BANA

24 | was and is a federally chartered national banking association formed and existing

25 | under the laws of the United States. At the time the Complaint was filed, the

26 | principal place of business for BANA was in Charlotte, North Carolina, which is

27 | where Defendant's officers direct, control and coordinate Defendant's activities, and

28 | the majority of Defendant's executive and administrative functions are performed.

Thus, Defendant BANA was not and is not a citizen of the State of California but, rather, was and is a citizen of the State of North Carolina for the purpose of determining jurisdiction. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (for the purposes of removal, the "nerve center" test applies, whereby a corporation is deemed to be a citizen of the State where the corporation's officers direct, control, and coordinate the corporation's activities); *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

14. **Doe Defendants.** The Complaint also names "DOES 1-50" as defendants. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Therefore, for purposes of removal with jurisdiction based on 28 U.S.C. § 1332, the citizenship of all of the "Doe" defendants is to be disregarded.

### Amount in Controversy

15. The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a

1  strong preference that interstate class actions should be heard in a federal court if
2  properly removed by any defendant.").

3  16.  Here, Plaintiffs do not allege a specific amount in controversy. Thus,
4  the Court must consider as evidence of the amount in controversy that which is
5  "facially apparent" on the Complaint, as well as facts properly pleaded in the
6  removal petition, particularly where, as here, the amount in controversy is not
7  plainly evident from the pleadings. *See, e.g., Rippee v. Boston Market Corp.*, 408
8  F.Supp.2d 982, 984 (S.D. Cal. 2005).

9  17.  While Defendant denies any liability as to Plaintiff's claims, based on
10  the allegations, claims, and prayer for relief set forth in the Complaint, the amount
11  in controversy in this action, exclusive of interest and costs, exceeds the sum of
12  $5,000,000. Specifically, Plaintiff seeks waiting time penalties, injunctive relief and
13  attorneys' fees and costs. *See* Exh. A, Complaint, ¶¶ 13-15, 16(2)(b), 18-20, 24, 26,
14  and Prayer for Relief.

15  18.  **Waiting Time Penalties.** Plaintiff's First Cause of Action seeks
16  waiting time penalties for alleged late wage payments pursuant to California Labor
17  Code §§ 201-203. *See* Exh. A, Complaint, ¶¶ 18-20. Plaintiff alleges that, BANA
18  "should have provided final commission wages to departed [Financial Advisor]
19  employees within the time allowed by law, but failed to do so" in violation of
20  California Labor Code § 203, which provides for recovery equal to the amount of
21  the employee's daily wages for up to 30 days after the employee's date of
22  termination. *See id.* For this cause of action, Plaintiff seeks "waiting time penalties
23  provided for in Labor Code § 203(a)," "interest," plus attorneys' fees and costs. *See*
24  *id.*, ¶ 20 and Prayer for Relief. Plaintiff purports to represent a class of Financial
25  Advisors who left the employment of Bank of America, N.A. from December 1,
26
27
28

2008 to the present.[1]  From December 1, 2008 through June 30, 2011 (31 months), 537 Financial Advisors in California terminated their employment, either voluntarily or involuntarily.  *See* Declaration of Robert Drozynski ("Drozynski Decl."), ¶¶ 2-3. Plaintiff's Complaint alleges that his own final wage check was not received until "more than ten days after it was calculable."  *See* Exh. A, Complaint, ¶ 13.  Further, Plaintiff asserts that his claims are typical of the claims of the putative class members.  *See id.*, ¶ 16(4).  Therefore, for purposes of calculating the amount-in-controversy for removal, BANA reasonably and conservatively estimates that Plaintiff will seek a minimum of ten days' worth of waiting time penalties (instead of the maximum 30-days) under California Labor Code § 203 for each of the putative class members he purports to represent, even though the maximum penalty period can be used for calculating the amount in controversy.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205-1206 (E.D. Cal. 2008) ("[C]ourts may consider the ***maximum*** statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.").  Thus, using the average aggregate hourly rate in effect for the 537 putative class members during the three months prior to their respective terminations, and conservatively estimating that the putative class members' final wage payments were no more than 10 days late, the total amount in controversy on Plaintiff's First Cause of Action for **waiting time penalties** is calculated as not less than the **$2,483,517.60**:

///

///

///

///

---

[1]  BANA denies that it ever employed Plaintiff or any putative class member. In fact, Plaintiff alleges that he and the putative class members were employed by Merrill Lynch & Co., Inc.  *See, e.g.*, Exh. A, Complaint, ¶ 3.

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**537** [total employees] x **$57.81** [average hourly rate in effect for Financial Advisors during 3 months prior to termination] x **8 hours x 10 days = $2,483,517.60 Total Waiting Time Penalties on First Cause of Action.**[2]

19. **Injunctive Relief.** The amount in controversy also can be calculated under the "either viewpoint" rule based on the value of **injunctive relief** Plaintiff seeks in his Complaint. Plaintiff alleges that Defendant's policy and practice for payment of final commission wages violates the law by not paying final commission wages timely and without paying penalties under Labor Code § 203(a). In Plaintiff's Second Cause of Action for Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"), he seeks injunctive relief to "prevent[ ] further violations of Labor Code §§ 201, 202 and 203." *See* Exh. A, Complaint, ¶ 26. "Under the 'either viewpoint' rule, the test for determining the amount in controversy [for a claim for injunctive relief] is the pecuniary result to either party which the judgment would directly produce. In other words, where the value of a plaintiff's potential recovery … is below the jurisdictional amount, but *the potential cost to the defendant of complying with the injunction* exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) (emph. added) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating the amount in controversy, "the value of the thing sought to be accomplished by the action may relate to either or any party to the action") (int. quot. omitted)). Thus, "in suits involving equitable relief, 'if the value

---

[2] Alternately, if one assumes the *maximum* statutory penalty, *see, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205-1206 (E.D. Cal. 2008) ("[C]ourts may consider the *maximum* statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."), the total amount in controversy for the purported First Cause of Action alone would be **$7,450,552**, exclusive of attorneys' fees.

1  of the thing to be accomplished [is] equal to the dollar minimum of the jurisdictional

2  amount requirement to anyone concerned in the action, then jurisdiction [is]

3  satisfied.'" *Id.* (quoting *Ridder*, 142 F.2d at 398). Here, assuming that the

4  allegations of Plaintiff's Complaint are true (i.e., that BANA paid all putative class

5  members their final commission wages at least 10 days late), and that the Financial

6  Advisor attrition rate and average daily wages for the 31-month period described in

7  paragraph 18, *supra,* will remain at least the same (if not be greater) during a 31-

8  month period after the entry of any such injunction, and without making any

9  representations regarding the same (*see, e.g., Harris v. Bankers Life & Cas. Co.*, 425

10 F.3d 689, 694 (9th Cir. 2005)), BANA's **cost of complying with the injunctive**

11 **relief Plaintiff seeks** would be at least **$2,483,517.60** based on the aggregate

12 amount in controversy for waiting time penalties allegedly owed to Plaintiff and the

13 putative class members by BANA.[3] Accordingly, under the "either viewpoint"

14 method, the amount in controversy for Plaintiff's Second Cause of Action is no less

15 than **$2,483,517.60**.

16     20. **Attorneys' Fees.** Plaintiff's Complaint also seeks an award of

17 statutory attorneys' fees. It is settled in the Ninth Circuit that where attorneys' fees

18 are authorized by statute, they are appropriately part of the calculation of the

19 "amount in controversy" for purposes of removal. *See Kroske v. U.S. Bank Corp.*,

20 432 F.3d 976, 980 (9th Cir. 2005); *Johnson v. America Online, Inc.*, 280 F.Supp.2d

21 1018 (N.D. Cal. 2003); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th

22 Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees,

23 either with mandatory or discretionary language, such fees may be included in the

24

---

25     [3] Again, as discussed above, if one assumes the ***maximum*** statutory penalty,
*see, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205-1206 (E.D.
26 Cal. 2008) ("[C]ourts may consider the ***maximum*** statutory penalty available in
determining whether the jurisdictional amount in controversy requirement is met."),
27 the total amount in controversy for the purported Second Cause of Action alone
would be **$7,450,552**, exclusive of attorneys' fees.

28

DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

1  amount in controversy.").   The Ninth Circuit uses a benchmark rate of 25% of the

2  potential damage award as an estimate for attorneys' fees.  Applying this benchmark

3  to the potential amounts in controversy on Plaintiff's First and Second Causes of

4  Action, the potential amount in controversy related to Plaintiff's demand for a

5  **statutory award of attorneys' fees** is calculated at no less than **$1,241,758.80:**

| Cause of Action | Amount in Controversy | 9th Circuit Benchmark | Attorneys' Fees |
|---|---|---|---|
| **First Cause of Action** | **$2,483,517.60** | **x 25%** | **$620,879.40** |
| **Second Cause of Action** | **$2,483,517.60** | **x 25%** | **$620,879.40** |
| **TOTAL** | | | **$1,241,758.80** |

12      21.    Accordingly, the total amount in controversy for Plaintiff's claims

13  asserted in this action, conservatively estimated,[4] is *over* the $5,000,000.00

14  jurisdictional minimum:

| Remedies Sought | Amount in Controversy |
|---|---|
| **Waiting Time Penalties** | **$2,483,517.60** |
| **Injunctive Relief** | **$2,483,517.60** |
| **Statutory Attorneys' Fees** | **$1,241,758.80** |
| **TOTAL AMOUNT IN CONTROVERSY** | **$6,208,794.00** |

22      22.    In sum, because there exists diversity of citizenship between Plaintiff

23  and Defendant, and because the amount in controversy exceeds CAFA's

24  $5,000,000.00 jurisdictional threshold, Defendant may remove this action pursuant

---

26      [4] Again, these numbers assume only 10-days worth of penalties for each
putative class member, while the statutory maximum is 30 days.  Using the statutory
27  maximum, the amount in controversy surpasses $5 million without consideration of
attorneys' fees, or even of the value of the injunctive relief sought.

1  to 28 U.S.C. §§ 1332(d) and 1441(b).

2  ## REMOVAL JURISDICTION:  FEDERAL QUESTION

3     23.    Furthermore, in addition to removal based on diversity jurisdiction

4  under CAFA, removal is proper on the basis of federal question jurisdiction

5  pursuant to 28 U.S.C. §§ 1331, 1441.  A cause of action under federal law exists for

6  purposes of original jurisdiction and removal if the plaintiff's "well-pleaded

7  complaint" presents a federal issue.  *Franchise Tax Board v. Construction Laborers*

8  *Vacation Trust*, 463 U.S. 1 (1983).  Even where a plaintiff alleges only state law

9  claims, a federal question exists, and removal is proper, where the defendant raises a

10  preemption defense based on a federal statute that is so "complete" as to provide the

11  only available remedy.  In such cases, "complete preemption" overrides the "well-

12  pleaded complaint rule" and the state law claims are treated as claims "arising

13  under" federal law for jurisdictional purposes.  *Holman v. Laulo–Rowe Agency*, 994

14  F. 2d 666, 668 (9th Cir. 1993); *Fleet Bank, Nat'l Ass'n v. Burke*, 160 F. 3d 883, 886

15  (2nd Cir. 1998).

16     24.    Here, Plaintiff claims to have been employed by BANA, a federally-

17  chartered national banking association, and asserts claims arising under California

18  state law.  The National Bank Act of 1864, 12 U.S.C. § 21, et seq. (the "NBA")

19  "shields national banking from unduly burdensome and duplicative state

20  regulation."  *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 8 (2007).  Accordingly,

21  national banks are not subject to state laws that "conflict with the letter or the

22  general purposes of the NBA."  *Watters*, 550 U.S. at 11.  State laws are preempted if

23  they "conflict with federal law, frustrate the purposes of the National Bank Act, or

24  impair the efficiency of national banks to discharge their duties."  *Bank of America*

25  *v. City and County of San Francisco*, 309 F.3d 551, 559 (9th Cir. 2002).  Because

26  Plaintiff's state law claims based on alleged violations of California's Labor Code

27  are completely preempted by the NBA, removal is proper on the basis of federal

28  question jurisdiction.  *See* 28 U.S.C. §§ 1331, 1441.

36130806.1

**DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

## VENUE

25.   Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

26.   Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.  Further, Defendant expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

WHEREFORE, Defendant requests that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: January 5, 2012

McGuireWoods LLP

By: _____
       Matthew C. Kane, Esq.
       Michael D. Mandel, Esq.
       Sylvia J. Kim, Esq.

Attorneys for Defendant
Bank of America, N.A.

Exhibit A

Exh. A

1  James A. Quadra (SBN 131084)
   jquadra@calvofisher.com
2  Rebecca M. Coll (SBN 184468)
   rcoll@calvofisher.com
3  CALVO·FISHER & JACOB LLP
   One Lombard Street, Second Floor
4  San Francisco, CA 94111
   Tel: (415) 374-8370
5  Fax: (415) 374-8373

6  Attorneys for Plaintiff
   JOHN ROBERT LABRIOLA, on behalf of himself
7  and those similarly situated

8

9

SUMMONS ISSUED

**F I L E D**
Superior Court of California
County of San Francisco

DEC - 2 2011

CLERK OF THE COURT
BY: _____
          Deputy Clerk

10          IN THE SUPERIOR COURT OF CALIFORNIA

11        IN AND FOR THE COUNTY OF SAN FRANCISCO

12  JOHN ROBERT LABRIOLA, on behalf of       Case No.   **CGC-11-516307**
13  himself and those similarly situated,
                                             <u>CLASS ACTION</u>
14          Plaintiff,
                                             COMPLAINT FOR:
15
                                             1.  **Waiting Time Penalties for Delayed**
16      v.                                       **Payment of Final Wages**
                                             2.  **Violation of Business & Professions**
17  BANK OF AMERICA, NATIONAL                    **Code §§ 17200 et seq.**
    ASSOCIATION, and Does 1-50, inclusive,
18
19          Defendants.
                                                  **BY FAX**
20
21
22
23          Plaintiff JOHN ROBERT LABRIOLA ("LaBriola"), on behalf of himself and all those similarly

24  situated, hereby complains and alleges against Defendants BANK OF AMERICA, NATIONAL

25  ASSOCIATION ("BofA"), and DOES 1-50, inclusive ("Does 1-50") (collectively "Defendants"), upon

26  information and belief as to all allegations except those allegations pertaining to LaBriola personally.

27
28

1
COMPLAINT

930559

**EXHIBIT A**

## INTRODUCTION

1.      This action is brought as a class action pursuant to Code of Civil Procedure § 382 by LaBriola on behalf of himself and all financial advisors in California who quit or were terminated from their employment with BofA within the three years preceding the filing of this Complaint ("Class Period") and were not paid their final commission wages within the period provided for in Labor Code § 201(a) for terminated employees or § 202(a) for employees who quit.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over BofA, which does business within the state of California. Venue is proper in this Court under Code of Civil Procedure § 395.5 because BofA has offices within the City and County of San Francisco and violations of law by BofA against members of the proposed Class have occurred in the City and County of San Francisco.

## PARTIES

3.      LaBriola is a competent adult who was employed as a financial advisor by Merrill Lynch & Co., Inc. ("Merrill Lynch") when BofA's parent corporation, Bank of America Corporation, purchased Merrill Lynch. On January 1, 2009, Bank of America Corporation merged Merrill Lynch's operations with those of BofA. LaBriola continued in his position as a financial advisor with BofA after the purchase.

4.      BofA is a financial services company licensed to operate in California with retail locations and administrative offices in San Francisco. BofA offers its financial advisory services throughout California.

5.      At all relevant times alleged herein, Defendants sued herein as Does 1-50 were employers of the members of the Class, and Class Members performed employment services for Does 1-50 as financial advisors. All Defendants shared control of manner and timing of payment of wages to members of the Class, either directly or indirectly, through the manner in which Defendants' business is conducted.

6.      At all relevant times herein, all Defendants were the agents, employees, servants, masters or employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment relationship, and with the approval

2.

COMPLAINT

**EXHIBIT A**

1 | and ratification of each of the other Defendants. Each of the Defendants herein gave consent to,
2 | ratified, and/or authorized the acts alleged herein of the remaining Defendants. Defendants are sued
3 | both in their own right and on the basis of respondeat superior.

4 |       7.    The true names and capacities, whether individual, corporate, associate, or otherwise, of
5 | Does 1-50 are unknown to LaBriola, who therefore sues the Doe defendants by fictitious names. If
6 | necessary, LaBriola will amend this Complaint to show the true names and capacities of Does 1-50
7 | when they have been ascertained.

8 |       8.    Each of the fictitiously named defendants designated as Does 1-50 were legally,
9 | equitably, or otherwise responsible for the acts, omissions errors, tortious conduct and occurrences
10 | herein alleged and that injuries and damages herein alleged were proximately caused by these
11 | fictitiously named Defendants.

12 |       9.    Each and every act and omission alleged herein was performed by, or attributable to, all
13 | Defendants, each acting as agents, as employees, or under the direction and control of each of the other
14 | Defendants, and that said acts and omissions were within the course and scope of said agency,
15 | employment or direction and control. In perpetrating the acts and omissions alleged herein,
16 | Defendants, and each of them, acted pursuant to and in furtherance of a policy and practice of failing to
17 | pay wages in a timely manner to employees who quit or were terminate.

18 |                       FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19 |       10.    BofA is in the business of, among other things, providing financial advice to clients.
20 | BofA employs financial advisors to provide advice to BofA's clients.

21 |       11.    On information and belief, BofA employed more than 1000 licensed financial advisors
22 | during the Class Period.

23 |       12.    LaBriola was hired by Merrill Lynch as a financial advisor in 1992 and continued to
24 | work for Merrill Lynch as a financial advisor throughout the merger of its operations with BofA.
25 | LaBriola worked for BofA as a financial advisor until January 15, 2010, when he tendered his
26 | resignation and ceased working for BofA.

27 |       13.    LaBriola, like all financial advisors who left BofA during the Class period, did not
28 | receive his final commission check until more than ten days after it was calculable. In fact, LaBriola's

3
COMPLAINT

1   check was not issued until March 5, 2010.  BofA did not issue to LaBriola, or any other departing

2   financial advisors, payment of waiting time penalties associated with the delay in its payment of final

3   wages.

4        14.    On information and belief, during the Class Period and continuing at the present time,

5   BofA had and continues to have an illegal policy of failing to pay financial advisors the final

6   commissions due to them until the "regular commission pay date," even if that date was days or weeks

7   after the employee's last date of employment, or even waiting another month or longer after the next

8   regular commission pay date, all of which are well beyond the statutorily permitted period.  This policy

9   is in violation of the California Labor Code §§ 201 and 202.

10   **CLASS ACTION ALLEGATIONS**

11        15.    With respect to all causes of action, LaBriola brings this class action pursuant to Code

12   of Civil Procedure § 382 on behalf of himself and other members ("Class Members") of the Class

13   defined as :

14        All financial advisors who were employed by Bank of America, N.A. in

15        California and who left employment from December 1, 2008 to the

16        present, and who (a) resigned and did not receive the portion of their

17        commissions that were calculable within 72 hours of providing notice of

18        resignation, or 72 hours of their last date of employment, whichever is

19        later, or (b) were terminated and did not receive the portion of their

20        commissions that were calculable on their last date of work, or (c) after

21        the termination date or the expiration of the 72-hour resignation notice

22        period, did not receive the balance of their commissions on the date or

23        dates they were calculable.

24        16.    This action satisfies the criteria for certification as a class action under Code of Civil

25   Procedure § 382 and applicable case law:

26        1.    **Numerosity and Ascertainability of the Class.**  The members of the Class are

27        numerous, totaling more than hundreds of individuals, and they are ascertainable

28        because they can identify themselves as class members and their identities are

4

**COMPLAINT**

930559

ascertainable from BofA's personnel records.

2.    **Commonality.** The requisite commonality for class certification exists because this action involves questions of law and fact common to members of the class. During the Class Period, BofA engaged in a systematic course of failing to comply with timing requirements regarding payment of final commission wages under the Labor Code. The common issues of law and fact include but are not limited to:

A.    Whether BofA wrongfully failed to comply with timing requirements regarding payment of wages to (A) its resigning financial consultants under Labor Code § 202(a) and (B) its terminated financial consultants under Labor Code § 201(a).

B.    Whether BofA wrongfully failed to pay waiting time penalties pursuant to Labor Code § 203(a).

C.    Whether BofA engaged in an unfair, unlawful and/or fraudulent business practice under the Unfair Competition Law (the "UCL") at Business and Professions Code §§ 17200 *et seq.* by improperly failing to comply with timing requirements on payment of wages and improperly failing to pay waiting time penalties to resigning or terminated financial advisors when payment of final commission wages was tardy.

3.    **Adequacy of Representation.** LaBriola is able to fairly and adequately protect the interests of all members of the Class. It is in LaBriola's own best interests to prosecute the claims alleged herein in order to obtain full remedies available to him under statute for Defendants' failure to provide waiting time penalties when he had to wait to receive his final commission check. LaBriola retained counsel competent and experience in class action and employment wage and hour litigation. LaBriola and his counsel intend to vigorously prosecute this class action in order to recover all damages and equitable relief to which members of the Class are entitled.

4.    **Typicality of Claims.** LaBriola's claims are typical of the claims of the Class, as both LaBriola and Class Members suffered by not receiving timely payment of wages, and not receiving waiting time penalties for Defendants' delay in paying final

1    commission wages in violation of the Labor Code and the UCL. LaBriola's claims are

2    not subject to any defenses that are unique to LaBriola.

3        5.    **Superiority of Class Action.** A class action is superior to other available

4    methods for the fair and efficient adjudication of this controversy because joinder of all

5    of the Class Members is impractical. Even if individual Class Members could prosecute

6    separate actions as a practical matter, separate actions would unnecessarily burden the

7    court and would not be an efficient resolution of the claims against BofA. The

8    prosecution of separate actions would create a risk of inconsistent judgments which

9    would establish inconsistent standards of conduct for BofA and for employers in similar

10   situations, and would potentially be dispositive of or impede the interests of other

11   employees of BofA who do not file individual actions.

FIRST CAUSE OF ACTION

(WAITING TIME PENALTIES FOR DELAYED PAYMENT OF FINAL WAGES)

14       17.   LaBriola incorporates by reference all allegations in the prior paragraphs as if fully set

15   forth here.

16       18.   Labor Code § 203(a) requires employers to provide waiting time penalties (1) to

17   employees who quit and were not paid their final wages immediately at the time of quitting if the

18   employee had given 72 hours' notice of quitting or not paid their final commission wages within 72

19   hours after quitting without notice, pursuant to Labor Code § 202(a), and (2) to employees who were

20   terminated and were not provided their final wages immediately, pursuant to Labor Code § 201(a).

21       19.   BofA should have provided final commission wages to departed employees within the

22   time allowed by law, but failed to do so and instead systematically paid employees only on the next

23   regular commission paydate, which was not until the second week of the following month.

24       20.   Defendants failed to provide the waiting time penalties provided for in Labor Code §

25   203(a) to LaBriola and Class Members, who were thereby harmed.

26       21.   Defendants' unlawful and/or unfair business practices implicate important rights

27   affecting the public interest within the purview of Code of Civil Procedure § 1021.5.

28

Exh. A

### SECOND CAUSE OF ACTION

### (VIOLATION OF THE UNFAIR COMPETITION LAW, CODIFIED AT BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ.* AGAINST ALL DEFENDANTS)

22.     LaBriola incorporates by reference all allegations in the prior paragraphs as if fully set forth here.

23.     The separation from employment policies and practices of Defendants as alleged herein are unfair, unlawful, and/or fraudulent business practices in violation of the UCL.

24.     As alleged herein, Defendants' failure to pay full waiting time penalties to resigning and terminated financial advisor employees who were forced to wait for payment of their final commission wages violates the public policy of the State of California as codified in Labor Code §§ 90.5, 201, 202 and 203. Accordingly, under the UCL, Defendants' employment separation practices are unlawful, unfair, or both.

25.     As a result of Defendants' violation of the UCL, LaBriola and members of the Class have lost money.

26.     An injunction should therefore issue preventing further violations of Labor Code §§ 201, 202 and 203.

27.     Defendants' unlawful and/or unfair business practices implicate important rights affecting the public interest within the purview of Code of Civil Procedure § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, LaBriola prays for judgment of behalf of himself and the Class against Defendants as follows:

ON THE FIRST CAUSE OF ACTION:

1.     For waiting time penalties under Labor Code § 203(a);

2.     For damages in an amount according to proof at the time of trial;

3.     For interest calculated according to law;

4.     For the costs of litigation, including reasonable attorney's fees; and

5.     For such further relief as the Court deems proper.

7
COMPLAINT

**EXHIBIT A**

1  ON THE SECOND CAUSE OF ACTION:

2      1.    For appropriate injunctive relief;

3      2.    For the costs of litigation including reasonable attorney's fees; and

4      3.    For such further relief as the Court deems proper.

5

6                             Respectfully submitted,

7  DATED: December 2, 2011

8                        CALVO FISHER & JACOB LLP

9                      By:

10                        James A. Quadra
                        Rebecca M. Coll

11                        *Attorneys for Plaintiff*
                      JOHN ROBERT LABRIOLA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

930559

Exhibit B

**Exh. B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BANK OF AMERICA, NATIONAL ASSOCIATION, and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN ROBERT LABRIOLA, on behalf of himself and those similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Francisco | CASE NUMBER: *(Número del Caso):* **CGC-11-516307** |
|---|---|

400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JAMES A. QUADRA (SBN 131084); REBECCA M. COLL (SBN 184468)   Tel. (415) 374-8370
CALVO FISHER & JACOB LLP. 1 Lombard Street. 2nd Flr, San Francisco, CA 94111

CLERK OF THE COURT

| DATE: *(Fecha)* | DEC - 2 2011 | Clerk, by *(Secretario)* | ELIAS BUT? | , Deputy *(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

**BY FAX**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

**EXHIBIT B**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

Exb C
CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

James A. Quadra (SBN 131084); Rebecca M. Coll (SBN 184468)
CALVO FISHER & JACOB LLP
One Lombard Street, Second Floor
San Francisco, CA 94111
TELEPHONE NO.: (415) 374-8370    FAX NO.: (415) 374-8373
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

**F I L E D**
Superior Court of California
County of San Francisco

DEC - 2 2011

CLERK OF THE COURT
BY: _____
Deputy Clerk

CASE NAME:
Labriola v. Bank of America

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | CGC-11-516307 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [✓] Substantial amount of documentary evidence    f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
**4.** Number of causes of action *(specify):* Two (2)
**5.** This case [✓] is  [ ] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 2, 2011

James A. Quadra
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** **EXHIBIT C** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

Exhibit D

CASE NUMBER: CGC-11-516307 JOHN ROBERT LABRIOLA VS. BANK OF AMERICA NATION/

Exh. D

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** MAY-04-2012

**TIME:** 2:00PM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110
no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order
without an appearance at the case management conference if the case management
statement is filed, served and lodged in Department 610
twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and
complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL
CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-
JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR
SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION
PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each
defendant along with the complaint. All counsel must discuss ADR with clients and opposing
counsel and provide clients with a copy of the Alternative Dispute Resolution Information
Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the
place of filing a written response to the complaint. You must file a written
response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**EXHIBIT D**

Exhibit E

Exh. E

1  James A. Quadra (SBN 131084)
   jquadra@calvofisher.com
2  Rebecca M. Coll (SBN 184468)
   rcoll@calvofisher.com
3  CALVO FISHER & JACOB LLP
   One Lombard Street, Second Floor
4  San Francisco, CA 94111
   Tel: (415) 374-8370
5  Fax: (415) 374-8373

6  Attorneys for Plaintiff
   JOHN ROBERT LABRIOLA, on behalf of himself
7  and those similarly situated

8

9

10               IN THE SUPERIOR COURT OF CALIFORNIA

11             IN AND FOR THE COUNTY OF SAN FRANCISCO

12  JOHN ROBERT LABRIOLA, on behalf of          Case No. **CGC-11-516307**
13  himself and those similarly situated,
                                                 **CLASS ACTION**
14          Plaintiff,

15                                               **PLAINTIFF'S APPLICATION FOR**
                                                 **APPROVAL OF COMPLEX**
16      v.                                       **DESIGNATION**

17  BANK OF AMERICA, NATIONAL
    ASSOCIATION, and Does 1-50, inclusive,
18
            Defendants.
19
                                                 **BY FAX**
20

21

22      Pursuant to this Court's General Order Regarding Procedure for Approval of Complex

23  Litigation Designation, Plaintiff hereby petitions for approval of complex designation of this matter.

24      A "complex case" is an action that requires exceptional judicial management to avoid placing

25  unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and

26  promote effective decision making by the court, the parties, and counsel. (C.R.C. 3.400(a).) In

27  deciding whether an action is a complex case, the court should consider, among other things, whether

28  the action is likely to involve (1) numerous pretrial motions raising difficult or novel legal issues that

                                              1
              PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION

930580
                                    **EXHIBIT E**

SUMMONS ISSUED

F I L E D
Superior Court of California
County of San Francisco

DEC - 2 2011

CLERK OF THE COURT
BY: _____
            Deputy Clerk

Exh. E

1  will be time-consuming to resolve; (2) management of a large number of witnesses or a substantial

2  amount of documentary evidence; (3) management of a large number of separately represented parties;

3  (4) coordination with related actions pending in one or more courts in other counties, states, or

4  countries, or in a federal court; or (5) substantial post-judgment judicial supervision. (C.R.C. 3.400

5  (b).)  Subject to the discretion of the Court, a class action is provisionally complex. (C.R.C. 3.400

6  (c)(6), 3.400(d).)

7       This case is complex because it is a class action.  (See Rule 3.400(c)(6).)  The proposed class is

8  believed to be comprised of hundreds of financial advisors who are owed waiting time penalties due to

9  delays in receipt of their final commission wages.   Plaintiff anticipates bringing pretrial motions

10  addressing the legal issues relating to treatment of commission wages at the time of termination of

11  employment, as well as a motion for class certification.   In addition, substantial documentation

12  regarding the payment of commission wages to all members of the class will need to be produced, and

13  it is possible that "copy-cat" actions will be filed following this lawsuit, resulting in related actions

14  pending in one or more other courts.   Finally, if the matter proceeds to trial, post-judgment judicial

15  supervision will likely be necessary due to the claims process, which would take place following

16  judgment.

17       Accordingly, Plaintiff hereby petitions this Court to designate this action as Complex pursuant

18  to Rule of Court 3.400.

19

20                           **Respectfully submitted,**

21  DATED: December 2, 2011

22                           CALVO FISHER & JACOB LLP

23                    By:

24                           James A. Quadra
                             Rebecca M. Coll
25                           *Attorneys for Plaintiff*
                             JOHN ROBERT LABRIOLA

26

27

28

                                   2
       **PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION**

930580                       **EXHIBIT E**

Exhibit F

**Exh. F**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>James A. Quadra, 131084<br>CALVO FISHER & JACOB LLP<br>ONE LOMBARD ST SECOND FL.<br>SAN FRANCISCO, CA 94111-1108<br>TELEPHONE NO.: (415) 374-8370<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>DEC 08 2011<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA 94102-0000 |

| PLAINTIFF/PETITIONER: LABRIOLA<br><br>DEFENDANT/RESPONDENT: BANK OF AMERICA, NATIONAL ASSOCIATION | CASE NUMBER:<br>CGC-11-516307 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>1319-0001 |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Management ConferenceC, ADR packet

**BY FAX**

3. a. Party served: Bank of America, National Association

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served:  818 West Seventh Street 2nd Floor
   Los Angeles, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) or *(date):* 12/6/2011         (2) at *(time):* 2:55 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:

   Bank of America, National Association

   under:      CCP 416.10 (corporation)

7. Person who served papers
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 30.00
   e. I am:
      (3) registered California process server.
         (i)   Employee or independent contractor.
         (ii)  Registration No. 4553
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/7/2011

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 6764199 |

**EXHIBIT F**

1                       **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3         I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 4 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

5         On January 5, 2012, I served the following document(s) described as **DEFENDANT BANK OF AMERICA, N.A.'S NOTICE TO FEDERAL** 6 **COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in 7 sealed envelopes addressed as follows:

8                       **SEE ATTACHED LIST**

9 ☒      **BY MAIL:** I am "readily familiar" with the firm's practice of collection and 10 processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) 11 were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business 12 practices. (C.C.P. § 1013 (a) and 1013a(3))

13 ☐      **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone 14 number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set 15 forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a 16 transmission report confirming that the transmission was complete and without error.

17

18 ☐      **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or 19 delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by 20 the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

21 ☐      **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

22

23         I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24         Executed on January 5, 2012 at Los Angeles, California.

25

26                              ROLAND C. MORRISSETTE

27

28

36130806.1