JAMES A. QUADRA, State Bar No. 131084
jquadra@quadracoll.com
REBECCA M. COLL, State Bar No. 184468
rcoll@quadracoll.com
QUADRA & COLL, LLP
649 Mission Street, 5th Floor
San Francisco, California 94105
Telephone: (415) 426-3502
Facsimile: (415) 625-9936

*Attorneys for John LaBriola on Behalf of Himself and Those Similarly Situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT LABRIOLA, on behalf of himself and those similarly situated,<br><br>Plaintiff;<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORP.; BANK OF AMERICA CORPORATION; and Does 3-50, inclusive,<br><br>Defendant. | Case number: 4:12-cv-00079-CW<br><br>**[PROPOSED] AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Courtroom:   2<br>Judge:   Hon. Claudia Wilken |

1  The motion of Plaintiff John LaBriola, on behalf of himself and all those similarly situated, for Preliminary Approval of Class Settlement was heard in Courtroom 2 of the above-captioned Court before Honorable Claudia Wilken on May 30, 2013. The Court considered the papers submitted by the parties, including the Class Action Settlement Stipulation together with its exhibits ("Settlement Agreement"), and the arguments of counsel. Good cause appearing, the Court granted Plaintiff's Motion for Preliminary Approval of the Class Settlement on June 6, 2013. Thereafter, the parties submitted supplemental information showing good cause to amend the Court's Order Granting Preliminary Approval of the Class Action Settlement, including an amended Settlement Agreement (the "Amended Settlement Agreement"). The Court hereby amends its prior order and makes the following findings and orders:

1. The Court finds that the Amended Settlement Agreement submitted on August 7, 2013, incorporated herein by this reference and made a part of this Order of Preliminary Approval, has no obvious deficiencies, and is within the range of possible approval at the final approval hearing. It appears to the Court on a preliminary basis, that the settlement is fair and reasonable to Class Members when balanced against the risks of further litigation relating to liability and damages issues and potential appeals of rulings.

2. Significant investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. Settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. The proposed settlement has been reached as a result of serious, informed, and non-collusive negotiations between the parties.

3. The proposed settlement does not appear to improperly grant preferential treatment to class representatives or segments of the Class.

4. Provisional certification of the proposed settlement class, for settlement purposes only, is appropriate under Federal Rules of Civil Procedures 23(a) and 23(b)(3). The Court makes the following findings:

    a. The proposed settlement class is numerous, in that it includes approximately 275 class members, and joinder would be impractical.

    b. There are questions of law or fact common to the Class.

    c. The claims of the Class are typical of the claims or defenses of the class.

    d. Proposed class representative John LaBriola will fairly and adequately protect the interests of the class.

    e. The proposed settlement class is ascertainable, because the settlement class definition allows members of the settlement class to identify themselves, and because Defendant's own records allow for identification of members of the settlement class.

    f. Questions of law or fact common to class members predominate over any questions affecting only individual members.

    g. A class action is superior to other available methods for fairly and efficiently adjudicating the parties' controversy. Approving provisional certification of the settlement class will provide substantial benefits to the litigants and the courts.

5. The proposed Third-Party Claims Administrator, Epiq Systems, Inc., is an adequate Administrator for notice purposes and the processing of claims.

6. The proposed Class Notice, Claim Form and Exclusion Form in the forms attached hereto as Exhibits A, B and C, fairly and adequately advise the Settlement Class of the terms of the proposed settlement and the benefits available to the Settlement Class, as well as their rights to Opt Out, Object and/or Make a Claim, and procedures for doing so, and of the Final Fairness and Approval Hearing, and the right of Class Members to oppose the settlement, and procedures for appearing at said hearing.

7. The procedure set forth in the Settlement Agreement, except as modified herein, and the attachments hereto set forth the sole and exclusive means for objecting to the settlement and opting out of the settlement. The Court further finds that said Class Notice

1 comports with all Constitutional requirements, including those of due process, and that the
2 proposed Class Notice is reasonable and adequate.  Mailing to the last known address of
3 members of the Settlement Class constitutes an effective method of notifying members of the
4 Settlement Class of their rights with respect to the litigation and Settlement Agreement.

**8.     IT IS THEREFORE ORDERED:**

a.  The Settlement terms reflected in the Amended Settlement Agreement, docket #___, is granted preliminary approval.

b.  The following Class is provisionally certified for settlement purposes only:

> All persons employed by Defendant as financial advisors in California (a) whose employment with Defendant terminated from December 2, 2008 through December 31, 2011 (the "Class Period"), and (b) who received a payment for incentive compensation wages (also referred to as "commissions" or "commission wages") after their last day of employment if they were involuntarily terminated, or more than 72 hours after their resignation if they resigned. The Plaintiff Class does not include the Court or any members of the Court's family.

c.  Plaintiff John LaBriola is approved as Class Representative.

d.  Quadra & Coll, LLP is appointed Class Counsel.

e.  Epiq Systems, Inc. is appointed as the Claims Administrator.

f.  The proposed *cy pres* recipient, the Legal Aid Society – Employment Law Center is approved.

g.  The Class Notice, the Claim Form and the Exclusion Form attached as Exhibits A, B and C to the Settlement Agreement shall be sent by the Claims Administrator to all Class Members, via First Class United States Mail, pursuant to the schedule set forth below.  Prior to mailing the Class Notice, the Claim Form and the Exclusion Form to Class Members, the Claims Administrator shall ensure that all blanks or placeholders in these documents are filled in, accurately and completely.  The Claims Administrator shall make efforts to locate the current addresses for any Class members whose notices are returned as undeliverable, including through use of the National Change of Address Database, and shall mail such notices to such corrected addresses promptly.

      h. The following schedule shall be followed, unless otherwise modified by the Court:

| Event | Timing |
|---|---|
| Class Notice, Claim Form and Request for Exclusion to be mailed to class members | Within 21 calendar days after entry of Court's amended order granting preliminary approval |
| Opt out period expires | 45 calendar days after mailing of Class Notice |
| Final Approval papers to be filed; Motion for Attorneys' Fees and Enhancement Payment to be filed | November 6, 2013 |
| Last date to file Objections to Settlement, Attorneys' Fees, or Incentive Payment | November 27, 2013 |
| Last date to file Reply papers regarding Motion for Final Approval and Motion for Attorneys' Fees and Enhancement Payment | December 5, 2013 |
| Hearing on Final Approval and Motion for Attorneys' Fees and Enhancement Payment | December 19, 2:00 p.m. |
| Payment | 10 business days after approval, if no objections filed |

      i. Any members of the Settlement Class may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement Agreement, the requested attorneys' fees and litigation expenses, and the requested Enhancement Payment.

      j. All briefs supporting or opposing the settlement shall be served and filed in accordance with the above schedule.

      k. If for any reason the Court does not execute and file a Judgment, or if the "Effective Date" of settlement, as defined in Paragraph 34 the Settlement Agreement, does not occur for any reason whatsoever, the proposed Settlement Agreement, and all evidence and proceedings had in connection therewith, shall be without prejudice to the *status quo ante* rights of the parties to the litigation.

l. Pending further order of the Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

m. The Final Approval Hearing shall be held in Courtroom 2 of the Federal District Court for the Northern District of California at 2:00 p.m. on October 17, 2013, to consider the fairness, adequacy and reasonableness of the proposed Settlement Agreement, preliminarily approved by this Order Granting Preliminary Approval, and to consider the application of Class Counsel for an award of reasonable attorneys' fees and litigation expenses incurred, and the request for and enhancement payment to class representative John LaBriola.

n. The Court retains exclusive and continuing jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

o. The final approval papers shall include evidence regarding compliance with CAFA's requirements of notice to appropriate government officials.

9. This Order terminates Docket Nos. 48 and 51.

IT IS SO ORDERED.


DATED: _____, 2013         _____
                                                  Hon. Claudia Wilken
                                                  District Court Judge