1  JAMES A. QUADRA, State Bar No. 131084
   jquadra@quadracoll.com
2  REBECCA M. COLL, State Bar No. 184468
3  rcoll@quadracoll.com
   QUADRA & COLL, LLP
4  649 Mission Street, 5th Floor
   San Francisco, California 94105
5  Telephone:  (415) 426-3502
6  Facsimile:  (415) 625-9936

7  *Attorneys for the Plaintiff Class*

8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JOHN ROBERT LABRIOLA, on behalf of himself and those similarly situated, | Case number:  4:12-cv-00079-CW |
| 12              Plaintiff; | **ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |
| 13 | |
| 14       vs. | Hearing Date:   December 19, 2013 |
| 15  BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORP.; BANK OF AMERICA CORPORATION; and Does 3-50, inclusive, | Hearing Time:   2:00 p.m. |
| 16 | Courtroom:      2 |
| 17 | Judge:          Hon. Claudia Wilken |
| 18              Defendant. | |

20

21

22      The motion of Plaintiff for an order granting final approval of the class settlement

23  was heard on December 19, 2013 in this Court.  The Court has considered all papers filed

24  and proceeding in this matter and held a hearing, at which time the parties and all other

25  interested persons were afforded the opportunity to be heard in support of and in opposition

26  to the proposed settlement.  Based on the papers filed with the Court and presentations made

27  to the Court at the hearing, it is hereby ORDERED, ADJUDGED, and DECREED as

28  follows:

1. The definitions and provisions of the Settlement Agreement are incorporated as though fully set forth herein.

2. The Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all Parties to the Settlement Agreement, including all Class Members.

3. To date, no Class Member has filed an objection to the terms of the Settlement (including the request for attorneys' fees, expenses, and class representative incentive payment, which are the subject of a separate order by this Court), and no Class Member has requested exclusion from the Settlement. The Court finds that the absence of objections and absence of requests for exclusion indicate support for the Settlement. The Class, which was provisionally certified in this Court's Second Amended Order Granting Preliminary Approval of Class Settlement on September 17, 2013, is defined as follows:

> All persons employed by Defendant as financial advisors in California (a) whose employment with Defendant terminated from December 2, 2008 through December 31, 2011 (the "Class Period"), and (b) who received a payment for incentive compensation wages (also referred to as "commissions" or "commission wages") after their last day of employment if they were involuntarily terminated, or more than 72 hours after their resignation if they resigned. The Plaintiff Class does not include the Court or any members of the Court's family.

4. The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties, and the result of extensive, arm's-length negotiations. Despite risks facing the Plaintiff in succeeding on the merits of his claims, or a reduction in the calculation of penalties available to class members, the Settlement provides a total settlement of $2,775,000, an average amount of more than $11,000 per Class Member. The Settlement avoids the risks of litigation and avoids the delay of further motion practice, trial, and possible appeals.

1   5.  The Court approves the distribution plan set forth in the Settlement
2   Agreement, including distribution of residual funds up to 80% of the Net Fund Value to the
3   *cy pres* recipient previously approved, Legal Aid Society – Employment Law Center.
4   6.  The Court finds that the notice plan set forth in the Settlement Agreement and
5   preliminarily approved by the Court was the best practicable notice under the circumstances.
6   The Settlement Administrator sent out the Notice in accordance with the Court's order.  The
7   Notice provided due and adequate notice of these proceedings and of the matters set forth
8   therein, including the Settlement Agreement, to all parties entitled to such notice and
9   satisfied the requirements of Constitutional due process.  The Court specifically finds that the
10  Notice is constitutionally sound and satisfied the requirements of Federal Rule of Civil
11  Procedure 23, and the notice plan, as executed here, was the best notice practicable under the
12  circumstances.
13  7.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, upon the date this
14  Judgment becomes final, the Releasees, as defined in the Settlement Agreement, release
15  Defendant from any and all individual and class claims, debts, liabilities, demands,
16  obligations, penalties, guarantees, costs, expenses, attorneys' fees, damages, action or causes
17  of action of whatever kind or nature, whether known or unknown that were alleged in this
18  action, including but not limited to any claims under federal and state law alleged in the First
19  Amended Complaint.
20  8.  Neither this Order nor the Settlement Agreement constitutes an admission or
21  concession by any of the released parties of any fault, omission, liability or wrongdoing. This
22  Order is not a finding of the validity or invalidity of any claims in this action or a
23  determination of any wrongdoing by the Defendant. The final approval of the Settlement
24  Agreement does not constitute any opinion, position, or determination of this Court, one way
25  or the other, as to the merits of the claims and defenses of Plaintiffs, Defendants, or the
26  Settlement Class Members.
27  9.  This Court hereby dismisses this action with prejudice as to all Settlement
28  Class Members who were given proper notice under the terms of the Court's Preliminary

1  Approval Order. In the event that the Settlement Agreement does not become effective in
2  accordance with its terms, then this Order and Final Judgment shall be vacated, and all orders
3  entered in connection with the Settlement Agreement shall become null and void and of no
4  further force and effect.

5       10.    Without affecting the finality of this Settlement Order and Final Judgment, the
6  Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement
7  and distribution of the settlement relief contemplated by the Settlement Agreement, until all
8  acts agreed to be performed pursuant to the Settlement Agreement have been performed; and
9  (b) all parties to this action and Settlement Class Members for the purpose of enforcing and
10 administering the Settlement Agreement.

12 IT IS SO ORDERED.

14 Dated: 12/20/2013

Hon. Claudia Wilken