JAMES A. QUADRA, State Bar No. 131084
jquadra@quadracoll.com
REBECCA M. COLL, State Bar No. 184468
rcoll@quadracoll.com
QUADRA & COLL, LLP
649 Mission Street, 5th Floor
San Francisco, California 94105
Telephone:  (415) 426-3502
Facsimile:  (415) 625-9936

*Attorneys for the Plaintiff Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT LABRIOLA, on behalf of himself and those similarly situated,<br><br>        Plaintiff;<br><br>    vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; MERRILL LYNCH, PIERCE, FENNER & SMITH INCORP.; BANK OF AMERICA CORPORATION; and Does 3-50, inclusive,<br><br>        Defendant. | Case number:  4:12-cv-00079-CW<br><br>**ORDER GRANTING MOTION FOR AWARDS OF ATTORNEYS' FEES AND COSTS AND INCENTIVE PAYMENT TO CLASS REPRESENTATIVE**<br><br>Hearing Date:    December 19, 2013<br>Hearing Time:    2:00 p.m.<br>Courtroom:         2<br>Judge:                 Hon. Claudia Wilken |

The motion of Plaintiff for an order granting Plaintiff's Motion for Awards of Attorneys' Fees and Costs and Incentive Payment to the Class Representative was heard on December 19, 2013 in this Court.  The Court has considered all papers filed and proceeding in this matter and held a hearing, at which time the parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the proposed settlement.  Based on the papers filed with the Court and presentations made to the Court at the hearing, the Court GRANTS Class Counsel's request for an award of $693,750 in

1    attorneys' fees and $8,805 in litigation costs.  The Court also GRANTS Plaintiffs' request for
2    an incentive award payment to Class Representative John LaBriola in the amount of $10,000.
3        1.  The fee award is reasonable under both methods used in this Circuit for
4    determining fee awards in class action cases: the lodestar method and the percentage-of-the-
5    recovery method. Plaintiffs' Counsel's efforts have secured an excellent result for the 245
6    Class Members—in the form of the $2,775,000 settlement fund—despite risks of no recovery
7    that Plaintiffs faced throughout this litigation.
8        2.  This Class Action asserted claims under the California Labor Code, and California
9    law therefore governs the award of attorneys' fees.  *Vizcaino v. Microsoft Corp*., 290 F.3d
10   1043, 1047 (9th Cir. 2002).   Under both state and federal law, where a common fund is
11   established to settle a class action, the lawyer who recovers the fund is entitled to a
12   reasonable attorney's fee from the fund.  *Boeing Co. v. Van Genert*, 444 U.S. 472, 478
13   (1980); *Serrano v. Priest*, 20 Cal.3d 25, 38 (1977).
14       3.  In calculating the amount of an award of attorneys' fees to class counsel, the Court
15   has the discretion to choose either the percentage-of-recovery or lodestar method.  *In re*
16   *Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 942 (9th Cir. 2011); *Hanlon v.*
17   *Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Wershba v. Apple Computer, Inc.*, 91
18   Cal.App.4th 224, 253 (2001).  "Despite this discretion, use of the percentage method in
19   common fund cases appears to be the dominant approach." *In re Omnivision Technologies,*
20   *Inc.*, 559 F.Supp.2d 1036, 1046 (N.D.Cal. 2008) (*citing Vizcaino,* 290 F.3d  at 1047; *Six (6)*
21   *Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *see also*
22   *In re Activision Sec. Litig*., 723 F.Supp. 1373, 1374-77 (N.D.Cal. 1989) (concluding that
23   using the lodestar method in common fund cases "does not achieve the stated purposes of
24   proportionality, predictability and protection of the class.")  Courts in the Ninth Circuit
25   "usually apply the percentage method to determine attorneys' fees but then use the lodestar
26   method to cross-check the reasonableness of the percentage to be awarded." *Chu v. Wells*
27   *Fargo Inv., LLC*, C-05-4526-MHP, 2011 WL 672645 (N.D.Cal. Feb. 16, 2011)(J. Patel).
28

4.  The Ninth Circuit uses a 25% "benchmark" to calculate awards in common fund cases. *Six Mexican Workers, supra*, 904 F.2d at 1311-12.  It is this percentage of recovery which Class Counsel seeks in this case.  However, awards of 30% of the common fund are routinely made in the Ninth Circuit and the Northern District.  *See, e.g., In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995)(affirming fee award equal to 33% of fund*); Vedachalam v. Tata Consultancy Services, Ltd*, 2013 WL 3941319 at *2 (N.D.Cal. 2013)(J. Wilken) (noting that "many cases in this circuit [] have granted fee awards of 30% or more). "[I]n class action common fund cases the better practice is to set a percentage fee and … absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." *In re Activision*, 723 F.Supp. at 1378.

5.  Applying these factors here demonstrates that Plaintiffs' fee request of 25% of the gross common fund of $2,775,000, or $693,750, plus reasonable costs, is appropriate because of the excellent results obtained for the Class, the financial risks undertaken by Class Counsel and the contingent nature of the case, the complexity of the legal and factual issues and the skill required to litigate this case, awards in similar cases, and the overwhelmingly favorable reaction of the Class.

7.  The Court finds further that Plaintiffs' fee request is also reasonable and appropriate under the lodestar/multiplier method.  Multiplying the number of hours counsel worked by a reasonable hourly rate establishes the lodestar.  *Staton,* 327 F.3d at 965.  After examining the time and labor required, the court may apply a multiplier to the lodestar in light of certain factors (many of which are also relevant to the percentage-of-the-fund analysis described above), including: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case;

1  (11) the nature and length of the professional relationship with the client; and (12) awards in
2  similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975).
3      8.  Plaintiffs' Counsel has presented evidence indicating that they have devoted 568
4  hours of time since the case began two years ago, and that their lodestar as of was
5  $344,580.00, which the Court finds to be reasonable.
6      9.  The Court finds further that Class Counsel's hourly rates are reasonable in light of
7  their experience (as reflected in their declarations), and the rates charged are comparable to
8  other attorneys in this field. In light of the quality of the representation provided by Class
9  Counsel in this case, the outstanding benefit to the Class obtained in the Settlement, the
10 complexity of the case, and the risk of nonpayment, a multiplier of approximately 2.01 on
11 Class Counsel's lodestar is reasonable and confirms the reasonableness of the fee calculated
12 as a percentage of the fund.
13     10.  The Court further finds that the request for $8,805 in litigation expenses is
14 reasonable. Class Counsel have submitted declarations indicating that the requested costs
15 here are recoverable because they are both relevant to the litigation and reasonable in
16 amount.
17     11.  The Court further finds that the requested incentive payment to the Class
18 Representative, John LaBriola, is reasonable in light of Mr. LaBriola's contribution to this
19 litigation, the risk he endured, and his investment in time.
20     12. The Court hereby grants Class Counsel's request for attorneys' fees in the amount
21 $693,750 and reimbursement in the amount of $8,805 in litigation costs.  The Court also
22 grants Plaintiffs' request for an incentive award payment to Class Representative John
23 LaBriola in the amount of $10,000.
24     IT IS SO ORDERED.

Dated: 12/20/2013

Hon. Claudia Wilken

4
Order